WIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JASON JOHN EHLER,<br><br>        Defendant. | No. CR00-4024-MWB<br><br>ORDER REGARDING DEFENDANT'S *PRO SE* MOTION FOR JUDICIAL RECOMMENDATION |

_____

      This case is before me on defendant Jason John Ehler's *Pro Se* Motion For Judicial Recommendation (docket no. 101). In his motion, Ehler requests that I recommend to the Bureau of Prisons ("BOP") that he be placed in a Residential Reentry Center ("RCC") for the last twelve months of his sentence, as permitted by the Second Chance Act of 2007.

      On October 10, 2000, Ehler pleaded guilty to conspiring to distribute 1000 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At Ehler's sentencing, on January 17, 2001, I concluded that Ehler's total offense level was 37 and that he was a criminal history category IV. I concurred with the parties' stipulation that a departure from Criminal History Category IV to III was appropriate, pursuant to U.S.S.G. § 4A1.3, resulting in an advisory guidelines range of 227 to 292 months incarceration. I sentenced Ehler to 227 months incarceration to be served concurrently with his convictions in three Iowa state court cases. Ehler did not appeal his sentence or conviction.

      Prior to 2008, a federal inmate's eligibility for transfer to a RCC was limited to the final six months or ten percent of that inmate's sentence. *See Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010). The Second Chance Act of 2007 permitted an inmate to

become eligible for placement in a residential re-entry center or community corrections center in the final twelve months of his sentence. *Id.* Ehler requests that I recommend to the BOP that he be placed in a RCC for the last twelve months of his sentence in order to aid his efforts to rejoin society after his lengthy period of incarceration. Such a recommendation is a factor that must be considered by the BOP in evaluating him for RCC placement pursuant to the five criteria outlined in 18 U.S.C. § 3621(b). After reviewing Ehler's presentence investigation report and considering Ehler's lengthy period of incarceration, I believe that he would benefit from serving as much of his last twelve months as possible in a RCC in order to afford him a reasonable opportunity to adjust to and prepare for his reentry into the community. Accordingly, I grant Ehler's *pro*-se motion and recommend to the BOP that Ehler serve as much of his last twelve months of his sentence as possible in a RCC.

**IT IS SO ORDERED**.

**DATED** this 18th day of February, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA